UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY DALE FARLEY,

    Plaintiff,

    v.

V. RASO, Chief Deputy Warden; et al.,

    Defendants.

No. C 13-2882 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

Anthony Dale Farley, an inmate currently in custody at the California Institution for Men in Chino, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Farley apparently has several serious medical conditions, including hepatitis C, cirrhosis of the liver, and end stage liver disease. *See* Docket #1-1, ¶. 30, 38. Farley's complaint concerns the delays in obtaining a hepatic diet and an E.G.D. while he was incarcerated at the Correctional Training Facility in Soledad ("CTF - Soledad") during June 2012 and July 2012, and incarcerated at the California State Prison - Solano ("CSP - Solano") on and after August 1, 2012. He alleges the following:

On June 14, 2012, Dr. Lim Javate prescribed a hepatic diet for Farley.[1] Dr. Javate also ordered an E.G.D. in response to Farley's complaints of bleeding from the mouth and rectum. That day, chief physician and surgeon Dr. Darron Bright approved the hepatic diet, the E.G.D., and an ultrasound. The diet did not start and the E.G.D. was not done. Thereafter, Farley submitted out several sick call slips about the hepatic diet that had not started and the E.G.D. that had not been done.

On July 11, 2012, Dr. Anthony Molina saw Farley; he again prescribed a hepatic diet and made a computer entry for an abdominal ultrasound and an esophageal scope with banding surgery. This was approved and granted by Dr. Bright.

On July 24, 2012, chief deputy warden V. Raso, in response to an inmate appeal, directed that Farley was to be housed in the central infirmary due to his hepatic diet prescription and that he would receive a proper diet until he was transferred. However, Farley was not sent to the central infirmary or given a hepatic diet.[2]

G. Ellis, C.E.O. of the prison health care services at Soledad, and Dr. Sam McAlpine approved and granted a hepatic diet, ultrasound and E.G.D. However, Farley never received that care at CTF - Soledad.

Farley was transferred to CSP - Solano on August 1, 2012.

On August 20, 2012, Farley saw registered dietician J. Jow, who approved a nutrition drink called "Boost" for Farley as a hepatic diet, although "the Boost drink is not a hepatic diet supplement." Docket # 1-1, p. 10. Dietician Jow also explained to him that the regular meal service at the prison was a "heart healthy diet," and that Farley could stay on that diet. *Id.*

On August 31, 2012, Farley was taken to an outside hospital emergency room for

---

[1]According to an exhibit to the complaint, a hepatic diet has several specific features, and generally is a diet low in protein and low in sodium. *See* Docket # 1-1, p. 44. It is used for certain persons with liver disease.

[2]According to a second level response to an inmate appeal attached to the complaint, prison officials stated that CTF - Soledad did not offer special medical diets, such as the hepatic diet, and that the inmate was scheduled to be transferred to an institution where the diet could be provided. *See id.* at 23. Also, the chief medical executive had determined that Farley was "healthy enough to continue to consume a non-Hepatic diet until he is transferred to Solano State Prison on August 1, 2012." *Id.; see also id.* at 35.

2

emergency surgery to band holes in his esophagus "due to end [stage] liver disease, cirrhosis to the liver all stemming surgery from being denied the low sodium hepatic diet as the sodium enriched regular served food create[d] holes [in his] esophagus" that bled and caused pain. *Id.* at 10-11. The denial of the hepatic diet "caused irreparable damage to [his] liver." *Id.* at 11. He had needed this treatment since June 14, 2012, to deal with his internal bleeding. *See id.*

Warden G. Swarthout was notified of Farley's medical needs, but failed to cause the staff or prison health care services "to take care of the matters at hand." *Id.*

Farley did not receive the hepatic diet until November 3, 2012, although it had been prescribed for him since June 14, 2012.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Indifference may appear when prison officials deny, delay or

intentionally interfere with medical treatment, or it may be shown in the way in which prison officials provide medical care. *See McGuckin v. Smith*, 974 F.2d 1050, 1062 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (delay of seven months in providing medical care during which medical condition was left virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present colorable § 1983 claim); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (plaintiff stated a claim for deliberate indifference where plaintiff's failure to receive prescribed treatment was due to defendant's failure to properly request the treatment and then inexplicable cancellation of a second treatment request).

Liberally construed, the complaint states a cognizable § 1983 claim for deliberate indifference to plaintiff's serious medical needs based on the defendants' roles in allegedly delaying Farley's receipt of the hepatic diet and E.G.D. that had been prescribed for him. The complaint adequately links defendants Dr. Lim Javate, Dr. Darrin Bright, Dr. Anthony Molina, G. Ellis, and Dr. Sam McAlpine, all of whom allegedly prescribed or approved the hepatic diet and E.G.D., but failed to ensure that the patient received it. The complaint also adequately links chief deputy warden V. Raso, who allegedly directed that Farley be housed in the infirmary and receive the proper diet until his transfer, but failed to ensure that the patient received the ordered diet. The complaint also adequately links defendant J. Jow, who allegedly refused to let Farley have the hepatic diet. The complaint also adequately links defendant G. Swarthout, the warden at CSP - Solano, who allegedly was made aware of Farley's needs and did not cause them to be met.

The court is required to liberally construe *pro se* complaints from prisoners and this rule leads the court to find that a cognizable Eighth Amendment claim is stated against the various defendants. However, many of the exhibits suggest that Farley will be unable to prove his claims. For example, Farley alleges that it was the sodium he consumed while not on a hepatic diet that caused his internal bleeding, *see* Docket # 1-1, ¶. 10-11, while the exhibits suggest that the dietician determined that the heart healthy diet normally provided to prisoners was (like the hepatic diet) a low sodium diet, *see* Docket # 1-2, ¶. 7, 11. Although many exhibits suggest

4

weakness in Farley's case, the exhibits are not the sort of documents that may be judicially noticed, and the court cannot simply disregard plaintiff's allegations that are in conflict with them.

Farley has requested that counsel be appointed to assist him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Although Farley may have very serious medical problems, the legal issue is whether there is a likelihood that he can succeed in showing that defendants acted with deliberate indifference to those medical problems. As mentioned in the preceding paragraph, the exhibits suggest that there is a low likelihood of success on the merits in this action. The request for appointment of counsel is DENIED. (Docket # 1-4.)

## CONCLUSION

1. The complaint states a cognizable § 1983 claim against Dr. Lim Javate, Dr. Darrin Bright, Dr. Anthony Molina, G. Ellis, Dr. Sam McAlpine, chief deputy warden Raso, dietician Jow, and CSP - Solano warden G. Swarthout. All other claims and defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon the following defendants:

- Dr. Lim Javate (at CTF -Soledad)
- Dr. Darrin Bright (at CTF -Soledad)
- Dr. Anthony Molina (at CTF -Soledad)
- G. Ellis (C.E.O. of prison health care services at CTF -Soledad)
- Dr. Sam McAlpine (at CTF -Soledad)
- V. Raso (chief deputy warden at CTF -Soledad)
- J. Jow (registered dietician at CSP - Solano)
- G. Swarthout (warden at CSP - Solano).

5

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

   a. No later than **September 27, 2013**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, they must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If defendants file a motion to dismiss for non-exhaustion of administrative remedies, they must provide to plaintiff a notice regarding motions to dismiss for non-exhaustion procedures at the time they file such a motion. *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **October 25, 2013**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

   c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **November 8, 2013**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment and motions to dismiss for non-exhaustion of administrative remedies:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule

6

56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

The defendants may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies or were excused from doing so. The evidence may be in the form of declarations (that is, statements of fact signed under penalty of perjury) or authenticated documents (that is, documents accompanied by a declaration showing where they came from and why they are authentic), or discovery documents such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial. *See generally Stratton v. Buck*, 697 F.3d at 1008-09.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

/ / /

/ / /

7

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case. Plaintiff must send all his filings to the court at this address: 450 Golden Gate Avenue, San Francisco, CA 94102, as his case is pending in the San Francisco division of the U.S. District Court for the Northern District of California.

IT IS SO ORDERED.

Dated: July 17, 2013

_____
SUSAN ILLSTON
United States District Judge